IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01331-BNB

DAVID LEE COLLINS,
JOHN BOYD BOWRING,
JOHN B. TAYLOR,
WAYNE ALLEN SATER,
DARREL E. PATTERSON, and
RONALD DEAN GRAFF,

     Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA (CCA),
VANCE EVERETT, Warden, KCCC/CCA or Warden[/]Superintendent Designee,

     Defendants.

## ORDER FOR SUMMARY REMAND

Plaintiffs have filed *pro se* a notice of removal titled "Removal From State to Federal Jurisdiction" (ECF No. 1) and a letter (ECF No. 3) signed by only one of the Plaintiffs. Plaintiffs seek to remove to this Court six state court civil actions – Nos. 2012cv27, 2012cv29, 2012cv49, 2013cv1, 2013cv8, and 2013cv9 – filed in the Kit Carson County Combined Court in Burlington, Colorado. Although each Plaintiff failed to submit a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court will not require Plaintiffs to do so, and the action will not be dismissed for that reason.

The Court must construe the notice of removal liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be remanded to the state court.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  "[T]here is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."  *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Initially, the Court notes that defendants, not plaintiffs, may remove a case to federal court pursuant to § 1441(a).  In any event, Plaintiffs fail to provide a short and plain statement of the grounds for removal in the notice of removal and, despite cursory references to 42 U.S.C. §§ 1981 and 1985 and the Fair Labor Standards Act (FLSA), they fail to demonstrate that the Court would have had subject matter jurisdiction over this action if it had been filed originally in federal court.  Although Plaintiffs attach a page from what appears to be the FLSA field operations handbook, the document also fails to clarify the grounds for removal.  Moreover, Plaintiffs have failed to comply with § 1446(a) by submitting copies of all process, pleadings, and orders served upon the defendant or defendants in the actions they seek to remove.  Finally, nothing in §§ 1441

or 1446 provides that civil actions may be removed collectively, and Plaintiffs have failed to present any authority for their multiple removal of six state cases.

For these reasons, the Court finds that the notice of removal is deficient and that the Court lacks subject matter jurisdiction. As a result, the instant action will be remanded summarily to the state court. See 28 U.S.C. § 1447(c).

Accordingly, it is

ORDERED that Plaintiffs' six state court civil actions – Nos. 2012cv27, 2012cv29, 2012cv49, 2013cv1, 2013cv8, and 2013cv9 – are remanded summarily to the Kit Carson County Combined Court in Burlington, Colorado. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Kit Carson County Combined Court.

DATED at Denver, Colorado, this  24th  day of      May      , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court