IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01331-BNB

DAVID LEE COLLINS,
JOHN BOYD BOWRING,
JOHN B. TAYLOR,
WAYNE ALLEN SATER,
DARREL E. PATTERSON, and
RONALD DEAN GRAFF,

    Plaintiffs,

v.

CORRECTIONS CORPORATION OF AMERICA (CCA),
VANCE EVERETT, Warden, KCCC/CCA or Warden[/]Superintendent Designee,

    Defendants.

---

ORDER DENYING MOTIONS FOR RECONSIDERATION

---

This matter is before the Court on the Plaintiffs' *pro se* objections (ECF Nos. 6, 7, 8, 9, 10, and 11 filed June 3, 2013) to the Order for Summary Remand (ECF No. 4). On May 24, 2013, the Court summarily remanded six state court civil cases – Nos. 2012cv27, 2012cv29, 2012cv49, 2013cv1, 2013cv8, and 2013cv9 – filed in the Kit Carson County Combined Court in Burlington, Colorado, that Plaintiffs attempted to remove to this Court. Plaintiffs ask the Court to reconsider its May 24 Order for Summary Remand.

The Court must construe the objections liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the objections will be treated as motions to reconsider, and the motions will be denied.

An order remanding a removed case to state court ordinarily is not reviewable on appeal or otherwise, unless the state case was removed pursuant to 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. § 1447(d). Plaintiffs failed, both in the notice of removal and in the liberally construed motions for reconsideration, to state grounds that justify the removal of the state court civil cases to this Court. Therefore, § 1447(d) does not allow the Court to review its prior decision.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiffs' June 3 motions pursuant to Rule 59(e) because the motions were filed within twenty-eight days after the summary remand was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is

appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court summarily remanded Plaintiffs' six state civil actions because their notice of removal was deficient and the Court lacked subject matter jurisdiction. The May 24 order discusses in detail the reasons for the summary remand.

Upon consideration of the motions and the entire file, the Court finds that Plaintiffs fail to demonstrate some reason why the Court should reconsider and vacate the order of summary remand. The Fed. R. Civ. P. 59(e) motions do not alter the Court's conclusion that this action properly was remanded summarily. Therefore, the Fed. R. Civ. P. 59(e) motions will be denied.

Accordingly, it is

ORDERED that Plaintiffs' *pro se* objections (ECF Nos. 6, 7, 8, 9, 10, and 11 filed June 3, 2013) to the Order for Summary Remand (ECF No. 4), which the Court has treated as motions to reconsider, are denied.

DATED at Denver, Colorado, this  6th  day of   June  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court